THE PEOPLE OF THE STATE OF NEW YORK, by AUGUSTUS SCHOONMAKER, Jr., Attorney-General, Respondent, v. THE NORTH AMERICA LIFE INSURANCE COMPANY, Appellant.

*Proceeding to dissolve insurance company — intervening policyholders appearing therein — cannot appeal from orders made therein.*

After an order had been made dissolving an insurance company, and appointing a receiver thereof, an order was made directing that a firm of attorneys be allowed to appear for certain policyholders, and that notice of all motions and all proceedings in court, either by the attorney-general or by the receiver, should be served on the firm, with liberty to it to appear on said motions and proceedings in behalf of such policyholders.

*Held,* that the policyholders so represented did not become parties to the proceedings, in such a sense as to authorize them to appeal from an order of the Special Term made therein.

APPEAL by certain intervening policyholders from an order of the Special Term, confirming the report of an actuary made under section 8, chapter 902 of Laws of 1869.

After The North American Life Insurance Company had been dissolved, on the application of the attorney-general, and a receiver appointed, the following order was made :

" Upon reading and filing the affidavits of William Barnes herein, the complaint of the petitioner, Violetta A. Bedell, in the suit brought by her against the North America Life Insurance company, and the demurrer thereto, * * * Ordered, that the firm of Barnes & Hanover be allowed to appear, either generally or specially, as attorneys for the petitioner, Violetta A. Bedell, and any persons similarly situated, who have or may choose to retain them, and that notices of all motions and all proceedings in court herein, on the part of the attorney-general and on the part of Henry R. Pierson, receiver herein, be served upon the said firm of Barnes & Hanover, Staats Zeitung building, N. Y., with liberty to said firm to appear in said motions and proceedings in court, in behalf of the said Violetta A. Bedell, and such other person or persons, as aforesaid, as they may be advised."

*Augustus Schoonmaker, Jr.,* Attorney-General.

*R. W. Peckham,* for H. R. Pierson, receiver.

*William Barnes* and *Ogden & Buckner,* for divers policyholders, appellants.

BOARDMAN, J.:

An objection is taken by the respondents at the outset which seems to be fatal to this appeal by divers policyholders. The appellants are not parties to this proceeding, nor are they entitled to become parties by substitution or otherwise. (Old Code, § 325; New Code, §§ 1294, 1296; *Matter of Bristol,* 16 Abb., 397; *Martin* v. *Kanouse,* 2 Abb., 390; *E. B.* v. *E. C. B.,* 28 Barb., 299; *People ex rel. Lee* v. *Lynch, sh'ff,* 54 N. Y., 681.) Nor is it material that they have been permitted by the court to appear in such proceedings for the protection of their interests. (*Martin* v. *Kanouse, ante.*) For this reason the appeal should be dismissed.

It may be proper to add that many of the objections taken to the proceedings had, and to the order appealed from, are such, in

the opinion of this court, as could only be taken advantage of by the insurance company or the receiver had they, or either of them, seen fit to appeal. It is not clear that all of such objections are of that character. But, in view of the conclusion reached upon the preliminary objection, it is not necessary to decide as to those objections.

The appeal is therefore dismissed, with ten dollars costs.

LEARNED, P. J., and TAPPAN, J., concurred.

Appeal dismissed, with ten dollars costs and printing against appellants.